DAVID M. AND BARBARA J. BRADSHAW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bradshaw v. Commissioner
Docket No. 25485-93.
United States Tax Court
T.C. Memo 1995-391; 1995 Tax Ct. Memo LEXIS 388; 70 T.C.M. (CCH) 418; August 15, 1995, Filed *388 David M. Bradshaw, pro se. Susan Mathew, for respondent. DAWSON, Judge. PAJAK, Special Trial Judge DAWSON; PAJAK
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b)(4) of the Code and Rules 180, 181, and 183. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable years in issue, and all Rule numbers refer to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted under Rule 40, and respondent's oral motion for a penalty under section 6673. For clarity and convenience, our findings of fact and opinion are combined. Respondent determined deficiencies in and additions to petitioner David M. Bradshaw's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654
1986
$ 1,857
$ 455
-- 1987
7,770
1,725
$ 235
1988
19,357
4,680
1,221
1989
24,860
5,221
1,567
1990
21,301
5,325
1,402
*389 Respondent determined deficiencies in and additions to petitioner Barbara J. Bradshaw's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654
1987
$ 7,809
$ 1,952
$ 421
1988
5,960
1,490
381
1989
861
215
-- Respondent's determinations are based upon petitioners' failure to file returns and to report as gross income amounts they received for the years in issue, which included self-employment income, wages, and interest. Petitioners resided in Scottsdale, Arizona, when their petition was filed. Petitioners allege without proof that from 1986 through 1988, "petitioners were non-residents aliens" who had "not applied for permanent residence" within the United States. Petitioners further claim that they had a cost basis in their labor "equal to, if not greater than, the amount they received for the sale of their labor during the years 1986 through 1990." Petitioners argue that because their "basis" equaled the amounts they received, there was no "realized and recognized gain, from which a tax can be imposed". Section 61 provides that gross income means "all income from whatever source derived," including (but not limited *390 to) "Compensation for services" and "Gains derived from dealings in property". Petitioners' contention that they are not subject to taxation and therefore not liable for income taxes is without merit. The short answer to petitioners' assertions is that they are not exempt from Federal income tax. . Petitioners in their petition and response to respondent's motion to dismiss make groundless tax protester arguments. These protester arguments have been repeatedly rejected by this Court and others, including the Court of Appeals for the Ninth Circuit (the court to which an appeal would lie in this case), as inapplicable or without merit. See, e.g., , affg. ; , affg. ; ; . We see no need to repeat these discussions *391 here. Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability", and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". We agree with respondent that petitioners' petition does not allege any justiciable error with respect to respondent's determinations in the notice of deficiency, and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, respondent's motion to dismiss will be granted and decision will be entered for respondent. We next consider respondent's motion for a penalty under section 6673. Section 6673(a)(1) provides that: Whenever it appears to the Tax Court that-- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, *392 in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
We find that petitioners have instituted and maintained this action primarily for delay and that petitioners' position in this proceeding is frivolous and groundless. Accordingly, we will grant respondent's motion for a penalty, and in our decision we will require petitioner David M. Bradshaw to pay to the United States a penalty of $ 10,000 and petitioner Barbara J. Bradshaw to pay a penalty of $ 1,000. An appropriate order and decision will be entered.